IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

**HUNTINGTON DIVISION**

JENNIFER L. HARMON,

               Plaintiff,

v.                                CIVIL ACTION NO. 3:24-0361

STATE FARM FIRE AND
CASUALTY COMPANY,

               Defendant.

**MEMORANDUM OPINION & ORDER**

Pending is Plaintiff's Motion to Remand Case to Circuit Court of Wayne County (Pl.'s Mot.), ECF No. 6.[1] For the reasons that follow, the Court **DENIES** the Motion.

This case involves breach of contract and common law and statutory bad faith claims arising out of a dispute over the amount of damage to Plaintiff's property. *See* Compl. The complaint does not contain a specified amount of damages in its *ad damnum* clause. *Id.* Plaintiff argues that Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000 because neither of the two estimates completed for repairs to be made to Plaintiff's property exceed $75,000 and any further damages are speculative. Pl.'s Mot. ¶¶ 4-5. Plaintiff's estimate, the higher of the two, totals $54,370.28. Pl.'s Mot., Ex. B. Defendant argues that the jurisdictional minimum is met because Plaintiff seeks punitive damages and damages for "diminution of value, loss of equity, loss of income, extreme aggravation, emotional

---

[1] The Court has also reviewed Defendant's Notice of Removal, ECF No. 1; Plaintiff's Complaint in the Circuit Court of Wayne County, West Virginia (Compl.), ECF No. 1-1; and Defendant's Memorandum in Law in Opposition to Plaintiff's Motion to Remand (Def.'s Mem.), ECF No. 10.

distress, mental anguish, embarrassment, economic losses, damage to credit, inconvenience, attorney fees, and expenses." Def's Mem. at 3; *see also* Compl. ¶¶ VII-VIII.

District courts have jurisdiction over actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only allege federal jurisdiction with a short plain statement – just as federal jurisdiction is pleaded in a complaint – when removal is challenged, the removing party bears the burden of demonstrating that removal jurisdiction is proper." *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 297 (4th Cir. 2008). When there is no amount of damages specified in the complaint, the defendant must show by a preponderance of the evidence that the amount in controversy requirement is met. *Landmark Corp. v. Apogee Coal Co.*, 945 F. Supp. 932, 935 (S.D.W. Va. 1996). In determining the amount in controversy, the court may make an evaluation based on the entire record before it and "is not required to leave its common sense behind." *Mullins v. Harry's Mobile Homes, Inc.*, 861 F. Supp. 22, 23-24 (S.D.W. Va. 1994).

West Virginia law permits recovery for attorneys' fees, net economic loss, aggravation, and inconvenience when a policyholder substantially prevails in a claim against an insurer. *Hayseeds, Inc. v. State Farm Fire & Cas.*, 352 S.E.2d 73, 80-81 (W. Va. 1986). Additionally, "punitive damages are available for an insurer's refusal to pay on a claim if the policyholder can prove 'actual malice' in the settlement process." *Arthur v. Homesite Ins. Co.*, 2016 WL 1717222, at *4 (S.D.W. Va. 2016) (citing *Hayseeds*, 352 S.E.2d at 80-81). "If relevant state law permits punitive damages on the facts alleged, such punitive damages are part of the amount in controversy for jurisdictional amount purposes." *Mullins*, 861 F. Supp. at 24. A good faith claim for punitive damages is part of the amount in controversy "unless it can be said to a legal

certainty that plaintiff cannot recover punitive damages in the action." *Bryant v. Wal-Mart Stores East, Inc.*, 117 F. Supp. 2d 555, 557 (S.D.W. Va. 2000).

Plaintiff obtained an estimate for the damage to her property totaling $54,370.28. Pl.'s Mot., Ex. B. She alleges her insurer acted with "actual malice" in denying the benefits of her policy and requests punitive damages. Compl. ¶¶ VI, VIII. In another insurance case, this court described a one-half multiplier for punitive damages as "austere." *Coleman v. Wicker*, 2012 WL 1111465, at *3 (S.D.W. Va. 2012). A one-half multiplier applied to the amount of Plaintiff's estimate would result in an amount in controversy of more than $80,000. Given the availability of punitive damages and additional *Hayseeds* damages, the Court finds that the jurisdictional minimum is easily met.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        October 22, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE